**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTICE ALEXANDRIA,<br><br>                                    Plaintiff,<br><br>   vs.<br><br><br>UNITED STATES OF AMERICA,<br>AMTRAK POLICE, CHRISTOPHER BEST<br><br>                                    Defendants. | CASE NO. 07CV1778 JLS (JMA)<br><br>**ORDER (1) DISMISSING COMPLAINT FOR LACK OF VENUE WITHOUT PREJUDICE, (2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT, & (3) DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>(Doc. Nos. 1, 2, & 3) |

     Presently before the Court are Plaintiff's complaint (Doc. No. 1), motion to appoint counsel (Doc. No. 2), and motion for leave to proceed in forma pauperis (Doc. No. 3). Because Plaintiff moved to proceed in forma pauperis, Plaintiff has not served the summons and complaint on the Defendants. Therefore, Defendants have not filed a responsive pleading.

     Where the defendant has not yet filed a responsive pleading and the time for doing so has not run, venue may be raised by a court sua sponte. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Because Plaintiff alleges federal constitutional violations, Plaintiff must bring this action "in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b) (1996); Costlow, 790 F.2d at 1488; Decker Coal Co.

v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986). A determination of improper venue does not go to the merits of the case, and, therefore, any dismissal on this ground must be without prejudice. In re Hall, 939 F2d 802, 804 (9th Cir. 1991).

Plaintiff alleges constitutional violations arising out of events which allegedly took place in Washington D.C. The only named defendants are alleged to reside in Washington D.C. Plaintiff's claims therefore arose in the District of Columbia rather than the Southern District of California. 28 U.S.C. § 84(d) (2007); Costlow, 790 F.2d at 1488; Decker Coal Co., 805 F.2d at 842. Thus, if Plaintiff wishes to proceed with this civil action, she should file it in the United States District for the District of Columbia, subject to that district's procedures governing in forma pauperis applications. See 28 U.S.C. § 84 (2007).

Therefore, the Court **DISMISSES** the complaint for lack of venue without prejudice, **DENIES AS MOOT** the motion to appoint counsel, and **DENIES AS MOOT** the motion for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

DATED: October 9, 2007

Honorable Janis L. Sammartino
United States District Judge